OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was indicted on several charges, including murder in the second degree, attempted murder in the second degree and robbery, arising out of the stabbing of Jesse Horton and Lawrence Worley. Horton died of the wounds, but Worley survived the attack and died later in an unrelated subway incident. Defendant was acquitted of the attempted murder of Worley. The robbery charges were dismissed at the *782 close of the People’s case, but defendant was convicted of the murder of Horton.
The Appellate Division affirmed the conviction, without opinion. Defendant on appeal urges that there should be a reversal and a new trial because he was deprived of his right to a fair trial by the misconduct of the prosecuting attorney in deliberately dissembling and telling half-truths for the purpose of misleading defense counsel into believing that Worley was still alive and subject to call as a witness when, as he well knew, Worley was dead. The truth concerning Worley came out during the trial in response to a question asked on cross-examination of one of the People’s witnesses.
The acts of the prosecutor constituted a serious violation of his duties as an attorney (see, e.g., Matter of Padilla, 109 AD2d 247, vacatur denied 67 NY2d 937; Code of Professional Responsibility, DR 7-102 [A] [3], [5]; [B] [2]) and as a prosecutor (see, ABA Standards for Criminal Justice, Prosecution Function, Standard 3-1.1; Code of Professional Responsibility, EC 7-13). Such conduct is reprehensible and cannot be condoned. Under the particular circumstances here, however, including the overwhelming evidence of defendant’s guilt, and the failure of defense counsel at trial or on appeal to identify any prejudice, we conclude that a reversal of the conviction is not warranted. We decline to adopt a per se rule that would require us to reverse the conviction.