■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN HAYNES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunkin, J.), rendered March 3, 1986, convicting him of robbery in the first degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his conviction should be reduced to robbery in the second degree because the People failed to establish that the victim sustained serious physical injury (see, Penal Law § 10.00 [10]; § 160.15 [1]). The record establishes that the elderly victim fell to the ground after the defendant ran into her with his bicycle and that he punched

her repeatedly in an attempt to wrestle her handbag from her grasp. As a result, the victim sustained several external and internal injuries which included contusions, two fractured ribs and an incomplete fracture of the spine. Five days after sustaining these injuries, the victim died of a massive pulmonary thromboembolism which was caused by a traumatic deep vein thrombosis or blood clotting in the left lower leg. The medical examiner opined that a contusion of the victim's left lower leg led to the blood clotting. Furthermore, he stated that the contusion was consistent with having been caused by an impact with the edge of a pavement and with having occurred on the date of the crime. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that the evidence was legally sufficient to establish beyond a reasonable doubt that the victim sustained "serious physical injury" (Penal Law § 10.00 [10]; § 160.15 [1]).

The defendant also contends that the People did not disprove his alibi beyond a reasonable doubt. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions to be determined by the trier of fact (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Mollen, P. J., Bracken, Spatt and Sullivan, JJ., concur.