■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSUL THORTON-BEY, Appellant.—Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered June 23, 1988, convicting defendant, after a jury trial, of assault in the third degree and custodial interference in the second degree, and sentencing him to consecutive terms of 30 days imprisonment and a term of probation of three years, unanimously affirmed.

Defendant argues that there should be a reversal and a new trial because the trial prosecutor did not serve notice of his intent to introduce defendant's prior Family Court testimony concerning his son, as required by CPL 710.30. Defendant also argues that the prosecutor breached a promise not to use defendant's prior statements. Reversal is not required *(see, People v Rice,* 69 NY2d 781). The proof of defendant's guilt was overwhelming, and a notice of intention to offer evidence need not be served upon the defendant where the statement is one made as a witness at a prior trial where the defendant was represented by counsel (CPL 710.20 [3]). Unlike the circumstances found in *People v Jiminez* (79 AD2d 442), defendant was not denied the right to fully, freely and properly prepare his defense. The prior testimony was introduced before defendant presented his case, and defense counsel had advised the jury in his opening that defendant had intended to discipline his child. Concur—Sullivan, J. P., Carro, Rosenberger, Wallach and Rubin, JJ.