■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUVAL IRIZARRY, Appellant. [598 NYS2d 288] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J., at hearings; Feldman, J., at trial and sentence), rendered February 8, 1990, convicting him of murder in the second degree, manslaughter in the second degree, and robbery in the first degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant consented to a joint trial with the codefendant Alberto Rosario but with separate juries. On appeal, he contends that he was denied due process when the court took the guilty verdict reached by the codefendant's jury while his own jury was still deliberating. We disagree.

The record is devoid of any indication that the defendant's jury learned of the other jury's verdict before rendering its own, much less that the defendant's jury was influenced by it. Indeed, when the defendant's jury returned its verdict the next day, defense counsel did not see fit to ask the court to examine the jurors on this issue. The defendant's present allegations of taint, premised upon speculation alone, are insufficient to disturb the verdict *(see, People v Redd,* 164 AD2d 34).

Contrary to the defendant's contention, neither *People v Ricardo B.* (73 NY2d 228) nor *People v Cheswick* (166 AD2d 88, *affd* 78 NY2d 1119), requires that one jury's verdict be held up until the companion jury reaches a verdict. The court's refusal to do so in this case did not jeopardize the defendant's rights since the court employed other safeguards to ensure the integrity of the dual jury procedure *(see, People*

*v Ricardo B., supra).* The juries heard separate opening statements, summations, and particularized portions of the charge and they deliberated separately. A detective to whom Rosario made a statement implicating the defendant testified separately before each jury and the court excluded the defendant's jury from the courtroom when a second accomplice testified as to Rosario's defense that his participation was coerced by the defendant. Moreover, the court repeatedly admonished the jurors that they were not to have any contact with or speculate about the other jury.

The defendant also assigns error to the admission at trial of evidence that a complaining witness previously made an in-court identification of the defendant at the suppression hearing. However, we considered and rejected this claim upon the appeal of his codefendant *(People v Rosario,* 186 AD2d 598) and find no basis to reach a different conclusion in this case.

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. Rosenblatt, J. P., Miller, Eiber and Pizzuto, JJ., concur.