■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRAD I. KEEFER, Appellant. [602 NYS2d 268] —Judgment unanimously affirmed. Memorandum: Defendant was charged in a two-count indictment with intentional murder and depraved indifference (reckless) murder arising out of the bludgeoning and stabbing death of his girlfriend's husband, with whom his girlfriend was involved in a custody dispute. Defendant was convicted following a jury trial of reckless murder. On appeal, he contends that a change of venue should have been granted; that he was denied his constitutional right to a speedy trial; that his statement should have been suppressed; that it was against the weight of the evidence for the jury to reject his defense of justification and to find him guilty of reckless murder; and that the Trial Judge should have recused himself.

Defendant has failed to preserve his challenge to the trial's venue. Defendant never renewed his motion for a change of venue after his initial motion was denied by this Court *(see, People v Pepper,* 59 NY2d 353, 358; *cf., People v Parker,* 60 NY2d 714, 715). Moreover, the record does not support the conclusion that pretrial publicity rendered it impossible to select impartial jurors *(People v Pepper, supra,* at 358-359).

Analyzing this case in light of the factors identified in *People v Taranovich* (37 NY2d 442, 444), we cannot conclude that defendant was deprived of his constitutional right to a speedy trial. The charges were serious, and there is no indication that defendant's ability to defend against them was impaired by the pretrial delay.

Defendant's motion to suppress his written statement was properly denied. Contrary to his contention, there is no evidence that defendant was represented by counsel, let alone

that police were aware of any such representation, and there is no evidence that defendant requested counsel after being advised of his *Miranda* rights.

The jury properly rejected the justification defense. Defendant's claim of self-defense was refuted by proof that defendant made threats against the victim, that he armed himself before meeting with the victim, and that the victim sustained a disabling skull fracture before the mortal stab wounds to his neck were inflicted. Further, the counts of intentional and reckless murder were properly submitted to the jury in the alternative *(see, People v Gallagher,* 69 NY2d 525), and it is not a valid challenge to the conviction of reckless murder that the evidence tended to establish defendant's guilt of intentional murder. The greater culpable mental state includes the lesser *(People v Green,* 56 NY2d 427, 432), and it is sufficient to state that the jury's finding of recklessness accords with the evidence *(People v Bleakley,* 69 NY2d 490, 495).

We have considered defendant's remaining contention and conclude that it is without merit. (Appeal from Judgment of Lewis County Court, Merrell, J.—Murder, 2nd Degree.) Present—Denman, P. J., Green, Lawton, Fallon and Boehm, JJ.