■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES RICHARDSON, Appellant. [661 NYS2d 799] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree arising out of two separate sales of crack cocaine to an undercover officer. There is no merit to the contention of defendant that County Court's Sandoval ruling constitutes an abuse of discretion (see, People v Walker, 83 NY2d 455, 458-459; People v Mattiace, 77 NY2d 269, 274). The court did not err in its instruction to the jury with respect to alleged improper conduct on the part of the undercover officer during one of the sale transactions.

The court properly sentenced defendant as a second felony offender without conducting an evidentiary hearing after the

court fully advised defendant of his rights and ascertained that defendant did not wish to controvert any allegation in the second felony offender statement filed by the prosecutor (*see,* CPL 400.21). The sentence imposed by the court is not cruel and unusual as applied to defendant (*see, People v Thompson,* 83 NY2d 477, 479; *People v Broadie,* 37 NY2d 100, *cert denied* 423 US 950), nor is it unduly harsh or severe. (Appeal from Judgment of Genesee County Court, Morton, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pine, J. P., Callahan, Doerr, Balio and Boehm, JJ.