■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID A. SEYMOUR, Appellant. [683 NYS2d 673] —Judgment unanimously affirmed. Memorandum: Defendant's conviction is supported by legally sufficient evidence and the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). Defendant contends that his alleged statements to two inmate witnesses were obtained in violation of his right to counsel (US Const Sixth Amend) and that County Court therefore erred in admitting into evidence the testimony of the two inmate witnesses concerning those statements. We disagree. Although one inmate witness was an agent of the police, defendant's indelible right to counsel had not attached when defendant spoke to the witness. Defendant had not been charged with the crimes at issue and had not previously been represented by or requested counsel in the matter, and thus his right to counsel was not violated (*see generally, People v West*, 81 NY2d 370, 373-374; *People v Skinner*, 52 NY2d 24, 26; *People v Samuels*, 49 NY2d 218).

Because the second inmate witness was not an agent of the police, his conversations with defendant did not violate defendant's right to counsel (*see, People v Cardona*, 41 NY2d 333, 335). The People did not elicit the aid of that inmate witness but, rather, the inmate witness sought out the information and provided it to the police on his own initiative. The role of the police "was limited to passive receipt of the information" (*People v Restivo*, 210 AD2d 964, 965, *lv denied* 85 NY2d 942).

Defendant further contends that his statements to the inmate witnesses were obtained in violation of his constitutional protection against self-incrimination (US Const Fifth Amend) because he had not been given *Miranda* warnings before he was questioned by them. Defense counsel withdrew his application for a *Huntley* hearing to suppress those statements, and thus defendant's contention has not been preserved for our review (*see,* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10,

19). In any event, even if both inmates were agents of the police, "incarcerated persons are not entitled to *Miranda* warnings before being questioned by undercover agents, because in such 'cases' the Fifth Amendment interests protected by the *Miranda* warnings are not implicated" (*People v Alls*, 83 NY2d 94, 98, quoting *Illinois v Perkins*, 496 US 292, 300).

Defendant also contends that he was denied effective assistance of counsel. We disagree. Upon our review of "the evidence, the law, and circumstances of [this] case," we conclude that defendant received meaningful representation (*People v Baldi*, 54 NY2d 137, 147; *see, People v Rivera*, 71 NY2d 705, 707). Furthermore, although defense counsel did not move to suppress defendant's statements to the inmate witnesses, defendant failed to establish that such a motion would have been successful (*see, People v Silverio-Mercedes*, 239 AD2d 923, *lv denied* 90 NY2d 943).

Defendant further contends that the prosecutor erred in providing a prosecution witness with the Grand Jury testimony of another prosecution witness before trial. We agree. Pursuant to CPL 190.25 (4) (a), "[g]rand jury proceedings are secret", subject to limited exceptions when Grand Jury testimony may be disclosed. Indeed, "secrecy has been an integral feature of Grand Jury proceedings since well before the founding of our Nation" (*Matter of District Attorney of Suffolk County*, 58 NY2d 436, 443). Among the reasons for that policy are "(1) prevention of flight by a defendant who is about to be indicted; (2) protection of the grand jurors from interference from those under investigation; (3) prevention of subornation of perjury and tampering with prospective witnesses at the trial to be held as a result of any indictment the grand jury returns; (4) protection of an innocent accused from unfounded accusations if in fact no indictment is returned; and (5) assurance to prospective witnesses that their testimony will be kept secret so that they will be willing to testify freely" (*People v Di Napoli*, 27 NY2d 229, 235). Here, the prosecutor was not authorized by court order (*see generally, Melendez v City of New York*, 109 AD2d 13, 16-21; *Ruggiero v Fahey*, 103 AD2d 65) or any of the limited exceptions set forth in CPL 190.25 (4) (a) to provide one prosecution witness with the Grand Jury testimony of another prosecution witness.

In reaching that conclusion, we reject the contention of the prosecutor that the conduct was permitted because it was done "in the lawful discharge of his duties". Indeed, the People cite no authority to support that contention. Although the prosecutor's conduct in failing to obtain a court order was improper

and cannot be condoned, reversal is not mandated thereby. The trial testimony of the witnesses was the same as their Grand Jury testimony, and thus no undue influence was exerted. The evidence against defendant is overwhelming, and the prosecutor's misconduct did not deprive defendant of a fair trial (*see generally, People v Brown*, 48 NY2d 921, 923; *see also, People v Rice*, 69 NY2d 781; *People v Roopchand*, 107 AD2d 35, 36-37, *affd* 65 NY2d 837; *People v Garcia*, 72 AD2d 356, *affd* 52 NY2d 716).

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Steuben County Court, Scudder, J.—Murder, 2nd Degree.) Present—Green, J. P., Lawton, Hayes, Pigott, Jr., and Callahan, JJ.