■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHAMMAD "KALI" TROTTER, Appellant. [683 NYS2d 676] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of robbery in the first degree (Penal Law § 160.15 [1]) for striking an elderly man with a blunt instrument and stealing his wallet. The evidence is legally sufficient to support the conviction (*see, People v Bleak-*

*ley,* 69 NY2d 490, 495; *People v Haynes,* 137 AD2d 833, *lv denied* 72 NY2d 861), and the verdict is not against the weight of the evidence (*see, People v Bleakley, supra,* at 495).

There is no merit to the contention of defendant that Supreme Court committed numerous errors that deprived him of his right to a fair trial. The court did not err in admitting the victim's statements to a police officer under the excited utterance exception to the hearsay rule (*see, People v Cotto,* 92 NY2d 68, 78-79; *People v Brown,* 70 NY2d 513, 517-519). The record establishes that the victim made the statements within 20 minutes of the assault, while he was still at the scene being tended to by medical personnel and was still under the stress of the startling event. Thus, the circumstances reasonably justified the conclusion that the remarks were not made "under the impetus of studied reflection" (*People v Edwards,* 47 NY2d 493, 497).

From our review of the record, we conclude that defendant did not establish a *Brady* violation by the prosecutor. The court's *Sandoval* ruling did not constitute an abuse of discretion (*see, People v Walker,* 83 NY2d 455, 458-459; *People v Richardson,* 239 AD2d 874, *lv denied* 90 NY2d 897), nor did the court abuse its discretion in denying defendant's motion for a mistrial (*see, People v Ortiz,* 54 NY2d 288, 292).

Defendant's contentions that the court's charge on accomplice liability was erroneous and that the court's *Allen* charge (*see, Allen v United States,* 164 US 492) was coercive are unpreserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to address them as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

The contention of defendant that the verdict convicting him of robbery in the first degree and acquitting him of felony murder is inconsistent or repugnant is not preserved for our review because he failed to raise that contention before the jury was discharged (*see, People v Alfaro,* 66 NY2d 985; *People v Satloff,* 56 NY2d 745, 746, *rearg denied* 57 NY2d 674; *People v Paz,* 159 AD2d 987, 988, *lv denied* 76 NY2d 793, 77 NY2d 842). In any event, there is no merit to defendant's contention.

We have examined defendant's remaining contentions and conclude that they lack merit. (Appeal from Judgment of Supreme Court, Monroe County, Wisner, J.—Robbery, 1st Degree.) Present—Pine, J. P., Hayes, Callahan, Balio and Boehm, JJ.