THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL B. BROCKWAY, Appellant. [683 NYS2d 671] —Judgment affirmed. Memorandum: Defendant was convicted of murder in the second degree (Penal Law § 125.25 [3]) arising from his participation in a stabbing death that occurred during a robbery or attempted robbery of an alleged drug dealer. The verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495).

There is no merit to the contention of defendant that County Court erred in denying his motion for a change of venue. Defendant improperly brought the motion before County Court rather than the Appellate Division (*see,* CPL 230.20 [2] [a]). In addition, because the motion was made prior to jury selection, it was premature (*see, e.g., People v Mateo,* 239 AD2d 965; *People v Chinn,* 231 AD2d 965). Defendant never renewed that motion after the initial motion was denied. Thus, defendant's challenge to the venue of the trial is not preserved for our review (*see, People v Keefer,* 197 AD2d 915, *lv denied* 82 NY2d 897). Moreover, the record does not support the contention that extensive pretrial publicity rendered it impossible to select impartial jurors (*see, People v Keefer, supra*).

Under the circumstances of this case, the court properly ordered multiple juries. After the court granted defendant's motion to sever based upon a potential *Bruton* problem (*see, Bruton v United States,* 391 US 123), it properly granted the People's cross motion for a "partial severance" (dual juries) based upon the large volume of evidence common to all defendants. The multiple jury procedures utilized by the court did not jeopardize defendant's rights (*see, People v Ricardo B.,* 73 NY2d 228, 232; *People v Irizarry,* 193 AD2d 815, *affd* 83 NY2d 557).

The prosecutor's misconduct in providing a prosecution witness with the Grand Jury minutes of another prosecution witness does not require reversal; the evidence of defendant's

guilt is overwhelming and the prosecutor's conduct was not so prejudicial as to deprive defendant of a fair trial (*see, People v Seymour,* 255 AD2d 866 [decided herewith]).

Even assuming, arguendo, that the jury determined that the main prosecution witness was an accomplice, we conclude that the evidence was sufficient to corroborate his testimony (*see,* CPL 60.22 [1]; *People v Moses,* 63 NY2d 299, 306; *People v Daniels,* 37 NY2d 624, 629).

The contention of defendant that the verdict convicting him of felony murder and acquitting him of two counts of robbery in the first degree is repugnant is not preserved for our review because he failed to raise that contention before the jury was discharged (*see, People v Alfaro,* 66 NY2d 985, 987; *People v Satloff,* 56 NY2d 745, 746, *rearg denied* 57 NY2d 674; *People v Trotter,* 255 AD2d 925 [decided herewith]). In any event, there is no merit to defendant's contention (*see, People v Ponder,* 77 AD2d 223, 231, *affd* 54 NY2d 160; *People v Crum,* 160 AD2d 892).

Finally, the sentence is neither unduly harsh nor severe.

All concur except Wisner, J., who concurs in the result in the following Memorandum.

Wisner, J. (concurring). I concur in the result reached by the majority but disagree with the conclusion that a prosecutor necessarily violates the secrecy of the Grand Jury by providing one prosecution witness with the Grand Jury testimony of another prosecution witness before trial (*see also, People v Seymour,* 255 AD2d 866 [decided herewith]). A prosecutor is permitted to disclose Grand Jury testimony without court order "in the lawful discharge of his duties" (CPL 190.25 [4] [a]). In preparing witnesses for trial, attorneys review with them their prior statements, likely avenues of cross-examination, and indeed what other witnesses have said. It is not improper for a prosecutor to use Grand Jury minutes in that context (*see, United States v Bazzano,* 570 F2d 1120, 1125, *cert denied* 436 US 917). There is an "important ethical distinction between discussing testimony and seeking improperly to influence it" (*Geders v United States,* 425 US 80, 90, n 3). It is only in that latter instance that a prosecutor's use of Grand Jury minutes to prepare a witness is not "in the lawful discharge of his duties" (CPL 190.25 [4] [a]; *see, United States v Bazzano, supra,* at 1125-1126). At trial opposing counsel is free to probe the motives and methods of the prosecutor's pretrial preparation. It cannot be said that the mere disclosure of Grand Jury testimony to a witness by a prosecutor in preparation for trial constitutes misconduct. (Appeal from Judgment of Steuben

County Court, Scudder, J.—Murder, 2nd Degree.) Present—Denman, P. J., Wisner, Pigott, Jr., Callahan and Fallon, JJ.