■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PIERRE BADETTE, Appellant. [835 NYS2d 522]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Chin-Brandt, J.), imposed June 7, 2005, on the ground that the sentence is excessive.

Ordered that the sentence is affirmed. No opinion. Prudenti, P.J., Mastro, Krausman, Lifson and Balkin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN BRINK, Appellant. [835 NYS2d 522]—Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Putnam County (Rooney, J.), imposed January 10, 2007, on the ground that the sentence is excessive.

Ordered that the sentence is affirmed. No opinion. Prudenti, P.J., Schmidt, Ritter, Skelos and Angiolillo, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE BROCKINGTON, Appellant. [834 NYS2d 480]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered May 10, 2005, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied his due process right to a fair trial because the prosecutor and the court failed to timely inform him that the complaining witness had died. The defendant's argument is unpreserved for appellate review (see CPL 470.05 [2]; People v Gray, 86 NY2d 10, 19 [1995]). In any event, in view of the overwhelming evidence of the defendant's guilt, we find that a reversal of the conviction is not warranted (see People v Rice, 69 NY2d 781 [1987]; People v Crimmins, 36 NY2d 230, 241 [1975]). Mastro, J.P., Santucci, Skelos and Dickerson, JJ., concur.