■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL J. PELOSI, Appellant. [6 NYS3d 493]—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (R. Doyle, J.), rendered January 25, 2005, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear

the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that certain allegedly improper conduct by the prosecutor during her cross-examination of him and throughout her summation had the cumulative effect of depriving him of his right to a fair trial is largely unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Osorio*, 49 AD3d 562, 563-564 [2008]). In any event, most of the challenged conduct was not improper and, under the circumstances of this case, the cumulative effect of any improper conduct did not deprive the defendant of a fair trial (*see People v Galloway*, 54 NY2d 396, 401 [1981]; *People v Outler*, 118 AD2d 819, 820 [1986]).

There is no merit to the defendant's contention that the Supreme Court should have dismissed the indictment on the ground that the grand jury proceeding was defective within the meaning of CPL 210.35 (5) (*see People v Walton*, 70 AD3d 871, 873 [2010]; *People v Seymour*, 255 AD2d 866, 867-868 [1998]). The defendant's contention that the Supreme Court should have conducted a *Frye* hearing (*see Frye v United States*, 293 F 1013 [DC Cir 1923]) is unpreserved for appellate review (*see People v Angelo*, 88 NY2d 217, 223 [1996]; *People v Dashosh*, 59 AD3d 731, 732 [2009]) and, in any event, without merit (*see People v Oddone*, 22 NY3d 369, 375-377 [2013]). Mastro, J.P., Leventhal, Maltese and Duffy, JJ., concur.