People v Hill (2020 NY Slip Op 03299)





People v Hill


2020 NY Slip Op 03299


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


97 KA 17-00935

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CLEMENT G. HILL, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT.


 Appeal from a judgment of the Supreme Court, Ontario County (Craig J. Doran, J.), rendered April 11, 2016. The judgment convicted defendant upon a jury verdict of sexual abuse in the first degree and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of sexual abuse in the first degree (Penal Law
§ 130.65 [3]) and endangering the welfare of a child (§ 260.10 [1]). We affirm.
We reject defendant's contention that a new trial is warranted because the People failed to disclose Brady material in a timely manner. "Untimely or delayed disclosure will not prejudice a defendant or deprive him or her of a fair trial where[, as here,] the defense is provided with a meaningful opportunity to use the allegedly exculpatory [or impeaching] material to cross-examine the People's witnesses or as evidence during his [or her] case" (People v Thomas, 158 AD3d 1135, 1135 [4th Dept 2018], lv denied 31 NY3d 1088 [2018] [internal quotation marks omitted]; see People v Cortijo, 70 NY2d 868, 870 [1987]). Contrary to defendant's contention, there is no "reasonable possibility that the outcome of the trial would have differed had the [information] been [disclosed sooner]" (People v Scott, 88 NY2d 888, 891 [1996]; see Thomas, 158 AD3d at 1135-1136).
We also reject defendant's contention that Supreme Court erred in precluding him from presenting evidence with respect to the victim's sexual history pursuant to the Rape Shield Law (see CPL 60.42). We conclude that the court did not abuse its discretion in refusing to apply the exception set forth in CPL 60.42 (5) (see People v Williams, 61 AD3d 1383, 1383 [4th Dept 2009], lv denied 13 NY3d 751 [2009]).
Defendant further contends that reversal is required because pretrial publicity deprived him of a fair trial. We conclude that defendant's contention lacks merit inasmuch as the record "does not support the conclusion that pretrial publicity rendered it impossible to select impartial jurors" (People v Keefer, 197 AD2d 915, 915 [4th Dept 1993], lv denied 82 NY2d 897 [1993]; see People v Pepper, 59 NY2d 353, 358 [1983]; People v Taylor, 151 AD2d 1029, 1029 [4th Dept 1989], lv denied 74 NY2d 900 [1989]).
Defendant failed to preserve for our review all but one of his present claims with respect to alleged instances of prosecutorial misconduct on summation (see CPL 470.05 [2]) and, in any event, we conclude that "[a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial" (People v Resto, 147 AD3d 1331, 1333 [4th Dept 2017], lv denied 29 NY3d 1000 [2017], reconsideration denied 29 NY3d 1094 [2017] [internal quotation marks [*2]omitted]).
Finally, we conclude that the sentence is not unduly harsh or severe, and we decline defendant's request to exercise our power to reduce the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court