Livingston L. Wingate, J.
Motion pursuant to CPL 170.30 to dismiss the misdemeanor complaint against defendant on the ground that the statute defining the crime charged does not include the items with which the defendant is accused of stealing, is denied.
The defendant was arrested on May 12, 1975 and charged with violations of section 155.25 of the Penal Law (petit larceny) and section 165.40 (possession of stolen property). The property that is the subject of this prosecution consists of two automobile registrations. Following arraignment on these charges on May 13, 1975, defendant’s counsel on June 2, 1975 moved to dismiss the misdemeanor complaint on the ground that an automobile registration is not property as defined by the Penal Law.
Subdivision 1 of section 155.00 defines property to mean: *543 "any money, personal property, real property, thing in action, evidence of debt or contract, or any article, substance or thing of value.”
The definition is broad and encompasses a wide range of items for which a prosecution can exist. The verbiage which is applicable in this case is "personal property * * * any article, substance or thing of value.” For purposes of this prosecution, the court recognizes that the definition of owner within the Penal Law is any person who has a right of possession to the property taken, which is superior to that of the taker. (Penal Law, § 155.00, subd 5.)
The question which is presented to this court is whether these automobile registrations are personal property of value or other things of value. The General Construction Law provides some guidance in answering this question. Section 39 states: "The term personal property includes chattels, money, things in action, and all written instruments themselves, as distinguished from the rights or interests to which they relate, by which any right, interest, lien or incumbrance in, to or upon property, or any debt or financial obligation is created, acknowledged, evidenced, transferred, discharged or defeated, wholly or in part, and everything, except real property, which may be the subject of ownership.”
It then seems that this definition of personal property when read in conjunction with the Penal Law definition of ownership would require the conclusion that the complainant herein has a superior right to possess these automobile registrations which fall within the above definition of personal property.
Section 155.25 of the Penal Law, petit larceny, requires the theft of property. Even if this court were not to conclude that these registrations were personal property, under definitional subdivision 1 of section 155.00, they would still fall within the confines of the statute as being articles, substances or things capable of being owned.
The court now turns to the second question which the defense has raised, whether the registrations are "of value”. Section 155.20 concerns the value of stolen property. The pertinent subdivisions ascertain value in such a manner that this court is forced to conclude that the registrations have some value:
"1. Except as otherwise specified in this section, value means the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, *544 the cost of replacement of the property within a reasonable time after the crime.
«2. * * * (c) The value of any other instrument which creates, releases, discharges, or otherwise affects any valuable legal right, privilege or obligation shall be deemed the greatest amount of economic loss which the owner of the instrument might reasonably suffer by virtue of the loss of the instrument.”
The complainant herein has had his privilege to drive his vehicle suspended by the theft of its registration certificates. These certificates give rise at least to prosecution for theft of the piece of paper upon which proof of compliance with New York vehicle laws is indicated. Because he no longer has the availability of an automobile and may well bear an economic loss for the interim until new registrations are acquired, and at least must suffer a monetary loss to replace his registrations, this court must conclude that these registrations are more than worthless pieces of paper but are, in fact, valuable property subject to prosecution under the Penal Law.
Motion denied.