OPINION OF THE COURT
Budd G. Goodman, J.
The issue before the court is whether the alleged forcible taking of two pieces of scrap paper with some writing on them constitutes a robbery under Penal Law § 160.10 (2) (a) or § 160.05. The defense moves to dismiss the indictment on the ground that the two pieces of paper do not constitute property under the law. The defense contends that it could not have been the intent of the Legislature to allow a felony prosecution to lie where the property in question has little or no economic or intrinsic value. The court disagrees.
The Penal Law defines property rather broadly as "any money, personal property * * * or any article, substance or thing of value” (Penal Law § 155.00 [1]; emphasis added) and the statute is written in the disjunctive. "The particular nature of the property stolen is not, by statute, a material element of the crime of robbery. Robbery merely requires the forcible stealing of 'property’ ” (People v Spann, 56 NY2d 469, 473 [1982]).
Personal property is not defined in the Penal Law; however, the meaning of a statute may be determined by reading that statute together with another which is in pari materia (McKinney’s Cons Laws of NY, Book 1, Statutes §221, pp 374-376). Therefore, the court looked to the General Construction Law for a definition which might be helpful. That statute tells *1009 us that personal property is "chattels,[1] money * * * and everything, except real property, which may be the subject of ownership” (General Construction Law § 39; emphasis added). "The term 'personal property’ is used to designate chattel and every species of property which is not real [property]” (McKinney’s Cons Laws of NY, Book 21, General Construction Law § 39, p 54, n 2; emphasis added).
The above definition of personal property when read in conjunction with the Penal Law’s definition of ownership[2] leads ineluctably to the conclusion that if the complainant had a superior right to possess those pieces of paper (which the court finds are property within the meaning of the statute and capable of being owned), and the defendant forcibly interfered with that right, then the defendant is subject to prosecution under Penal Law § 160.10 (2) (a) or § 160.05. None of the statutes in question, on their face, impose a monetary value requirement as an element of the crime. On the contrary, the evil which the Legislature has addressed in the robbery statutes is the application of force or the fear that is instilled within the victim by the threat of force when there is a taking of property.
No case, to this court’s knowledge, has ever interpreted the robbery statute to intend to allow a thief, who takes property and who is a poor judge of value, to be rewarded for his poor judgment.
Although there seem to be no cases precisely on point, what cases there are seem to dictate that one may not interfere forcibly with the possessory rights or interests of another in property, no matter what its value, and avoid being held answerable on a charge of robbery based on a failure of value. (People v Saunders, 82 Misc 2d 542 [1975], where Justice Wingate held that an auto registration card is valuable property subject to prosecution; People v Walden, 124 Misc 2d 615 [1984], where Acting Supreme Court Justice Stephen G. Crane *1010 held that a package of gum is sufficiently valuable to warrant a charge of robbery.)
Some statutes are framed in language so plain that an attempt to construe them is superfluous. The function of the court is to enforce statutes not to usurp the power of the Legislature. "Where words of a statute are free from ambiguity and express plainly, clearly and distinctly the legislative intent, resort may not be had to other means of interpretation” (McKinney’s Cons Laws of NY, Book 1, Statutes § 76). The Penal Law must be strictly construed and had the Legislature meant to place a dollar value on the property taken and to have made that an issue of fact for the jury, it would have done exactly that (see, e.g, Penal Law § 155.30 [1], grand larceny in the third degree, but see, subd [5] which states that where there is a taking from a person, a grand larceny in the third degree is committed and this is so regardless of the nature or value of the property; see also, People v Acevedo, 40 NY2d 701 [1976]).
Defense counsel seems to have asked the court to hold that lack of monetary value of property is a defense to robbery in the second or third degree. If this were so, the Legislature would have written it as a defense, just as they have written a defense to robbery in the first degree in Penal Law § 160.15 (4). Under that statute if a defendant proves that the pistol he displayed was not operable, he can reduce the charge to robbery in the second degree.
This court cannot and will not graft a one-cent requirement onto a statute which clearly has no such requirement.
It is, therefore, the holding of this court that the lack of monetary or intrinsic value of property is not a defense to a prosecution for robbery either in the second or third degree.
Accordingly, the motion to dismiss is denied.

. Black’s Law Dictionary 194 (2d ed 1979) defines chattel as:
"An article of personal property; any species of property not amounting to a freehold or fee in land * * *
"[cjhattels personal are * * *
"[tjhings movable which may be annexed to or attendant on the person of the owner and carried about with him from one part of the world to another.”

. "When property is taken * * * by one person from another person, an 'owner’ thereof means any person who has a right to possession thereof superior to that of the taker”. (Penal Law § 155.00 [5].)