■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN DAYMON, Appellant. [659 NYS2d 621] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of three counts of robbery in the first degree, one count of robbery in the second degree, one count of robbery in the third degree, and one count of burglary in the second degree. The conviction arises out of four separate incidents charged in the indictment. County Court did not

abuse its discretion in denying defendant's motion for a severance. Because the offenses are "the same or similar in law", they were properly joinable (CPL 200.20 [2] [c]; *see, People v Jenkins*, 50 NY2d 981; *People v Cabrera*, 188 AD2d 1062, 1063), and an application for severance is addressed to the sound discretion of the court (*see,* CPL 200.20 [3]; *People v Lane*, 56 NY2d 1, 7). Furthermore, the People's proof with respect to each robbery was straightforward and easily segregated (*see, People v Nix*, 192 AD2d 1116, *reconsideration granted* 195 AD2d 1087, *lv denied* 82 NY2d 757).

Viewing the evidence, as we must, in the light most favorable to the People (*see, People v Contes*, 60 NY2d 620, 621), we conclude that it is legally sufficient to establish defendant's guilt beyond a reasonable doubt. The verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495).

The other alleged errors raised by defendant are either unpreserved for our review (*see,* CPL 470.05 [2]) or the court eliminated any prejudice to defendant arising therefrom when it struck the testimony objected to and immediately gave curative instructions (*see, People v Arce*, 42 NY2d 179, 187; *People v Valenti*, 199 AD2d 617, 618, *lv denied* 83 NY2d 811). In any event, any error is harmless (*see, People v Crimmins*, 36 NY2d 230, 241-242). We also conclude that defendant's sentence is neither unduly harsh nor severe. (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Robbery, 1st Degree.) Present—Denman, P. J., Pine, Callahan, Balio and Fallon, JJ.