■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BIENVENIDO RODRIQUEZ, Appellant. [668 NYS2d 429] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of conspiracy in the second degree (Penal

Law § 105.15), criminal possession of a controlled substance in the first degree (Penal Law § 220.21) and criminal possession of a controlled substance in the third degree (Penal Law § 220.16). Defendant failed to preserve for our review his contentions that County Court erred in admitting into evidence audiotapes and translated transcriptions of those audiotapes and that he was deprived of a fair trial by prosecutorial misconduct (*see,* CPL 470.05 [2]). We decline to exercise our power to address those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). We reject the further contention that the court erred in permitting a witness to identify defendant's voice on audiotapes and to testify concerning the contents of a conversation conducted in Spanish. The witness had known defendant for two years, had been out with him socially and had taken a six-hour bus ride with him during which they conversed. The witness thus was properly allowed to identify defendant's voice (*see, People v Collins,* 60 NY2d 214; *People v Greco,* 230 AD2d 23, 30, *lv denied* 90 NY2d 858, 940). The witness's brief reference to the contents of a Spanish language conversation was accurate and did not prejudice defendant.

There is no merit to the contention that defendant was improperly deprived of notice of a pretrial voice identification procedure and his right to a hearing to determine whether that procedure was unduly suggestive. The prosecutor met with the witness in preparation for trial, and the witness recognized defendant's voice on audiotapes. Because defendant and the witness were well known to one another, the identification was merely confirmatory, and neither notice nor a hearing was required (*see, People v Rodriguez,* 79 NY2d 445, 449-450; *People v Gissendanner,* 48 NY2d 543, 552).

Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620, 621), we conclude that it is legally sufficient to establish defendant's guilt beyond a reasonable doubt (*see, People v Bleakley,* 69 NY2d 490, 495). We also conclude that defendant received meaningful representation (*see, People v Baldi,* 54 NY2d 137, 146-147).

Although the granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court (*see, People v Spears,* 64 NY2d 698, 699-700), when the right of a defendant to prepare his case is involved, that discretionary power must be narrowly construed (*see, People v Matthews,* 148 AD2d 272, 276, *lv dismissed* 74 NY2d 950). We conclude that the court abused its discretion by denying defense counsel's request for an adjournment to review Grand Jury

testimony and *Rosario* material that had been handed over immediately before commencement of jury selection, particularly in light of the fact that defense counsel required an interpreter to review the material because defendant spoke only Spanish. Nevertheless, because the evidence of defendant's guilt is overwhelming and there is no significant probability that the error might have contributed to defendant's conviction, we conclude that the error is harmless (*see, People v Crimmins,* 36 NY2d 230, 242). We further conclude that defendant was not deprived of a fair trial because of cumulative errors (*see, People v Crimmins, supra,* at 238).

Finally, we reject the contention of defendant that his sentence is unduly harsh or severe. (Appeal from Judgment of Onondaga County Court, Burke, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Denman, P. J., Green, Pine, Balio and Fallon, JJ.