■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIRGIL OWENS, Also Known as O.V., Also Known as V.O., Appellant. [685 NYS2d 145] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts each of murder in the second degree (Penal Law § 120.25 [1], [3]), robbery in the first degree (Penal Law § 160.15 [3]) and criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]) and one count of

assault in the second degree (Penal Law § 120.05 [6]). The charges arose from the robbery and stabbing of one victim on September 25, 1995 and the robbery and fatal stabbing of another on October 19, 1995.

The indictment charged defendant with committing robbery and other crimes against five victims on separate occasions. Defendant moved for a severance and separate trials with respect to each of the victims. County Court granted the motion to the extent of granting separate trials with respect to two victims, but denied a severance and a separate trial with respect to those counts pertaining to the three other victims. We reject the contention of defendant that the court should have granted his motion for a severance and separate trial in its entirety. Defendant failed to make a "convincing showing that [he had] both important testimony to give" concerning the offenses relating to one victim and "a genuine need to refrain from testifying" on the offenses relating to the other victim (CPL 200.20 [3] [b]; *see, People v Lane*, 56 NY2d 1, 8-9; *People v Pratts*, 209 AD2d 921, *lv denied* 85 NY2d 942). "The stated desire [of defendant] to take advantage of a perceived weakness in the People's case on the issue of identification [with respect to one victim] is alone patently insufficient" to demonstrate a strong need to refrain from testifying with respect to the charges pertaining to the other two victims (*People v Lane, supra*, at 10).

The court did not abuse its discretion in allowing the prosecution to cross-examine defendant with respect to two prior theft-related felonies. The court permitted cross-examination regarding only two of the eight prior felony convictions and did not allow the prosecution to cross-examine defendant with respect to the underlying facts of the crimes, which included the use of weapons. Under the circumstances, the court properly determined that the probative value of those prior convictions for impeachment purposes outweighed any prejudice resulting from their use (*see, People v Jamison*, 228 AD2d 698, *lv denied* 89 NY2d 865).

Defendant contends that the court erred in denying his motion to suppress in-court identifications of him by two prosecution witnesses. We disagree. One of those witnesses identified defendant in two separate lineups conducted within minutes of each other. After the second lineup, however, the witness selected the individual in the number four position as the assailant. He testified that he immediately realized that he had made an inadvertent mistake and that the perpetrator was actually in the number five position. There is no evidence that

either lineup procedure was unduly suggestive, and the testimony of the witness regarding his inadvertent mistake was relevant to the weight to be accorded his testimony (*see, People v Ruiz*, 176 AD2d 683, 684, *lv denied* 79 NY2d 952). Even assuming, arguendo, that the photo array viewed by the other prosecution witness was impermissibly suggestive because defendant was the only person portrayed with significant facial hair (*see, People v Moore*, 143 AD2d 1056), we conclude that the court properly determined that the witness had an independent basis for her in-court identification of defendant (*see, People v Saulters*, 255 AD2d 896; *People v Bates*, 249 AD2d 929; *People v Gangler*, 227 AD2d 946, *lv denied* 88 NY2d 985, 89 NY2d 922). Contrary to defendant's contention, the witness did not testify that she previously viewed defendant from the photo array, and thus reversal is not warranted pursuant to *People v Wallace* (187 AD2d 998).

We reject the contention that the conviction of assault in the second degree should be reversed because the People failed to present legally sufficient proof that the victim suffered a "physical injury" within the meaning of Penal Law § 10.00 (9). The victim testified that he was stabbed in the back of the right thigh during the robbery and that, immediately after arriving at his residence, he called for an ambulance. He further testified that he was in substantial pain at the time and that he received hospital treatment for the stab wound. That proof was sufficient to raise an issue of fact for the jury whether the victim suffered substantial pain (*see, People v Gray*, 189 AD2d 922, 923, *lv denied* 81 NY2d 886). We also reject defendant's contention that the three lottery tickets stolen from another victim did not constitute property, and, thus, that the People failed to present legally sufficient evidence to support the conviction of robbery in the first degree on the third count of the indictment (*see, People v Greene*, 129 Misc 2d 1008).

The court did not err in refusing to charge the defense of justification. There is no reasonable view of the evidence that defendant used deadly physical force in an attempt to prevent or terminate a robbery (*see, People v Irving*, 234 AD2d 31, *lv denied* 89 NY2d 924). Further, the court did not err in rejecting defendant's contention that the prosecution's exercise of a peremptory challenge to a prospective juror was racially motivated. The prosecutor offered a race-neutral reason for the exclusion of that prospective juror, i.e., the prospective juror's brother had been recently prosecuted for drug crimes by the same District Attorney's office (*see, People v Hernandez*, 140 AD2d 543, *affd* 75 NY2d 350, *affd* 500 US 352).

Defendant contends that he was improperly sentenced as a persistent violent felon because, at the time of the 1984 Florida conviction for robbery with a deadly weapon, defendant could have been afforded youthful offender treatment had the crime been committed in New York. Whether defendant was eligible for youthful offender treatment in New York is irrelevant. Penal Law § 70.04 (1) (b) sets forth the criteria for determining whether a conviction is a predicate violent felony. That section provides that an out-of-State conviction is a predicate violent felony if it includes all of the essential elements of a violent felony offense as defined in Penal Law § 70.02 and if the out-of-State statute authorizes a sentence of incarceration in excess of one year, irrespective of whether that sentence is actually imposed. Defendant contends for the first time on appeal that the Florida crime of robbery with a deadly weapon under which he was convicted (Fla Stat Annot former § 812.13 [1]) did not include an essential element of the New York crime of robbery, i.e., a specific intent to deprive another of property. Because defendant did not raise that contention at sentencing, he has failed to preserve it for our review (*see,* CPL 470.05 [2]; *People v Flipping,* 230 AD2d 650, 651, *lv denied* 89 NY2d 864). In any event, there is no merit to that contention. Although the Florida statute did not expressly include that element, the Florida Supreme Court held that the Florida crime of robbery included a specific intent "to deprive an owner of property either permanently or temporarily" (*Daniels v State,* 587 So 2d 460, 462).

The court sentenced defendant on each count to an indeterminate term of incarceration of 25 years to life, with an aggregate term of incarceration of 50 years to life. In the circumstances of this case, that sentence is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, D'Amico, J.—Murder, 2nd Degree.) Present—Denman, P. J., Pine, Pigott, Jr., Balio and Fallon, JJ.