■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH T. SPINA, Appellant. [713 NYS2d 394] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of murder in the second degree (Penal Law § 125.25 [1]) in connection with the stabbing deaths of his estranged wife and another individual. County Court properly refused to suppress statements he made to the police before receiving *Miranda* warnings. We disagree with defendant that he was in custody when he made those statements while standing at the edge of the Niagara River near the brink of Niagara Falls and threatening suicide (*see generally, People v Yukl*, 25 NY2d 585, 589, *rearg denied* 26 NY2d 883, *cert denied* 400 US 851). The

record establishes that defendant had voluntarily placed himself at the riverbank long before the police arrived. When they approached defendant, he commanded them to "stay back", and they did so. Furthermore, the police did not order defendant out of the water or otherwise attempt to coerce him into taking any specific action. Thus, " '[a]lthough the presence of the [police] may have restricted defendant's freedom of movement and they would have attempted to prevent his leaving the area, it cannot be said that * * * reasonable person[s] innocent of any crime would have believed that [they were] under arrest at that point' " (*People v Scott*, 269 AD2d 96, 98; *see, People v Ripic*, 182 AD2d 226, 230, *appeal dismissed* 81 NY2d 776, *rearg denied* 81 NY2d 954).

We reject the contention that the court erred in denying defendant's motion to sever the two counts of the indictment. "[A]n application for severance is addressed to the sound discretion of the court" (*People v Daymon*, 239 AD2d 907, 908, *lv denied* 94 NY2d 821). Here, "[d]efendant failed to make a 'convincing showing that [he had] both important testimony to give' concerning the offense[ ] relating to one victim and 'a genuine need to refrain from testifying' on the offense[ ] relating to the other victim" (*People v Owens*, 256 AD2d 1220, 1221, *lv denied sub nom. People v O. V.*, 93 NY2d 877, quoting CPL 200.20 [3] [b]).

We further reject defendant's contention that the court erred in admitting the testimony of two jail inmates concerning statements made by defendant to them. Defendant contends that they were agents of the People and thus his statements were obtained in violation of his right to counsel. "[W]here an informer works independently of the prosecution, provides information on his own initiative, and the government's role is limited to the passive receipt of such information, the informer is not, as a matter of law, an agent of the government" (*People v Cardona*, 41 NY2d 333, 335; *see, People v Seymour*, 255 AD2d 866, *lv denied* 93 NY2d 902). The record establishes that "[t]he People did not elicit the aid of th[e] inmate witness[es] but, rather, the inmate witness[es] sought out the information and provided it * * * on [their] own initiative" (*People v Seymour*, *supra*, at 866).

Defendant contends that he was denied a fair trial by prosecutorial misconduct during summation. With respect to the single instance of alleged misconduct that is preserved for our review, the curative instruction given by the court "obviated any prejudice caused by comments of the prosecutor indicating that defendant had a burden of proof" (*People v Tobias*, 273 AD2d 925, 926). We decline to exercise our power to review the remaining instances of alleged misconduct as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]).

Defendant further contends that the refusal of the court to charge manslaughter in the second degree as a lesser included offense under either count of intentional murder was inconsistent with its determination to instruct the jury on intoxication. "[A] trial court's decision to give a defendant an intoxication instruction does not mechanically trigger a corresponding obligation for the trial court to give defendant complementary lesser-included offenses instructions within the homicide classification" (*People v Butler*, 84 NY2d 627, 630). Rather, the trial court "has the responsibility * * * to make a thorough and careful evidentiary assessment in the first instance to determine whether the evidence may reasonably support defendant's guilt on the lesser, but not the greater, offense" (*People v Butler, supra,* at 632; *see, People v Cody*, 260 AD2d 718, 719, *lv denied* 93 NY2d 1002). The court properly determined that the nature and number of injuries suffered by the victims was indicative of a brutality inconsistent with recklessness or criminal negligence and therefore, despite the alleged intoxication of defendant, no reasonable jury could conclude that defendant did not intend to cause the death of his victims (*see, People v Butler, supra,* at 634).

We agree with defendant that the court erred in denying his request for a continuance. Although the determination whether to grant a continuance is within the sound discretion of the court (*see, People v Spears*, 64 NY2d 698, 699-700; *People v McNear*, 265 AD2d 810, 810-811, *lv denied* 94 NY2d 864), "when the right of a defendant to prepare his case is involved, that discretionary power must be narrowly construed" (*People v Rodriquez*, 247 AD2d 841, 842, *lv denied* 91 NY2d 977). Here, the results and analysis of scientific tests performed on approximately 70 items of physical evidence were provided to defendant only one week before trial. The court should have granted defendant's request for a continuance in order to review that evidence. The error, however, is harmless; the evidence of defendant's guilt is overwhelming and there is no significant probability that the error contributed to defendant's conviction (*see, People v Rodriquez, supra,* at 843).

The court's imposition of consecutive sentences is neither unduly harsh nor severe. Defendant failed to preserve for our review the contention in his *pro se* supplemental brief that the conviction is not supported by legally sufficient evidence (*see, People v Gray*, 86 NY2d 10, 19). He also failed to preserve for our review his contentions that the court improperly intervened in the proceedings and that he was arrested without probable cause (*see,* CPL 470.05 [2]), and we decline to exercise our

power to review those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). We have examined defendant's contentions, including the remainder raised in the *pro se* supplemental brief, and conclude that they are without merit. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Murder, 2nd Degree.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Lawton, JJ.