■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUINTON MCKNIGHT, Appellant. [726 NYS2d 326] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that the motion court erred in denying his motion to sever counts one through three of the indictment from counts four through eight because different victims were involved (*see,* CPL 200.20 [3] [a], [b]). Defendant failed to establish that there was "[s]ubstantially more proof on one or more [of the] joinable offenses than on others and there [was] a substantial likelihood that the jury would be unable to consider separately the

proof as it relate[d] to each offense" (CPL 200.20 [3] [a]). The proof with respect to each victim "was straightforward and easily divisible" (*People v Jones*, 236 AD2d 846, *lv denied* 90 NY2d 859). In addition, "[d]efendant failed to make a 'convincing showing that [he had] both important testimony to give' concerning the offenses relating to one victim and 'a genuine need to refrain from testifying' on the offenses relating to the other victim" (*People v Owens*, 256 AD2d 1220, 1221, *lv denied* 93 NY2d 877, 880, quoting CPL 200.20 [3] [b]; *see, People v Lane*, 56 NY2d 1, 10; *People v Spina*, 275 AD2d 902, 903).

We reject the further contention of defendant that the trial court erred in denying his request to charge the jury on the affirmative defense of renunciation (*see*, Penal Law § 40.10). We conclude that "under no reasonable view of the evidence could the jury have found that defendant established by a preponderance of the evidence that the crime was avoided by his abandonment of the criminal effort 'under circumstances manifesting a voluntary and complete renunciation of his criminal purpose'" (*People v Taylor*, 80 NY2d 1, 15, quoting Penal Law § 40.10 [3]; *see, People v Jenks*, 239 AD2d 673, 675-676).

Finally, we reject the contention of defendant that his conviction of assault in the second degree (Penal Law § 120.05 [6]) and assault in the third degree (Penal Law § 120.00 [1]) is not supported by legally sufficient evidence and that the verdict convicting him of those crimes is against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). (Appeal from Judgment of Supreme Court, Monroe County, Sirkin, J.—Attempted Rape, 1st Degree.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Burns, JJ.