■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN LOVETT, Appellant. [755 NYS2d 906] —Appeal from a judgment of Monroe County Court (Marks, J.), entered June 14, 2001, convicting defendant after a jury trial of, inter alia, robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: County Court properly denied defendant's motion to sever counts one and two of the 12-count indictment for trial. Although the offenses charged in the indictment involve four separate incidents, the offenses are "the same or similar in law" (CPL 200.20 [2] [c]) and thus are properly joinable (*see generally People v Lane*, 56 NY2d 1, 7 [1982]). A motion to sever counts joinable under CPL 200.20 (2) (c) "is addressed to the sound discretion of the court" (*People v Daymon*, 239 AD2d 907, 908 [1997], *lv denied* 94 NY2d 821 [1999]; *see People v Spina*, 275 AD2d 902, 903 [2000], *lv denied* 95 NY2d 969 [2000]). The burden on a defendant contending that the court abused its discretion in denying a severance motion is "a substantial one" (*People v Mahboubian*, 74 NY2d 174, 183 [1989]). Here, the evidence presented by the People with respect to each of the four incidents was "straightforward and easily segregated" (*Daymon*, 239 AD2d at 908; *see People v McKnight*, 284 AD2d 941, 942 [2001], *lv denied* 96 NY2d 921 [2001]), and defendant failed to meet his burden of establishing that he would be "unduly and genuinely prejudiced by the joint trial of the charges" (*People v Brown*, 254 AD2d 781, 782 [1998], *lv denied* 92 NY2d 1029 [1998]; *see People v O'Connor*, 242 AD2d 908 [1997], *lv denied* 91 NY2d 895 [1998]).

Defendant failed to request an expanded identification charge and thus failed to preserve for our review his contention that the court erred in failing to give such a charge (*see People v Rivera*, 259 AD2d 637 [1999], *lv denied* 93 NY2d 977 [1999]; *People v Woods*, 206 AD2d 901, 902 [1994], *lv denied* 84 NY2d 1040 [1995]). We decline to exercise our power to address that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Green, J.P., Pine, Hurlbutt and Lawton, JJ.