■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELA DOZIER, Appellant. [821 NYS2d 726]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered July 26, 2004. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and endangering the welfare of a child (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her after a jury trial of murder in the second degree (Penal Law § 125.25 [4]) and two counts of endangering the welfare of a child (§ 260.10 [2]). We reject the contention of defendant that Supreme Court erred in denying that part of her motion seeking to suppress her statements to the police. The court properly determined that defendant was not in custody when she gave police a statement before she was given *Miranda* warnings. Defendant willingly accompanied the police to the police station, she was not handcuffed, she was offered food and beverages, and she was not questioned in an accusatory fashion. Under these circumstances, a reasonable person innocent of any crime would not have believed that he or she was in custody, and thus warnings were not required (*see People v Yukl*, 25 NY2d 585, 589 [1969], *rearg denied* 26 NY2d 845, 883 [1970], *cert denied* 400 US 851 [1970]; *People v Lunderman*, 19 AD3d 1067, 1068 [2005], *lv denied* 5 NY3d 830 [2005]; *People v Scott*, 288 AD2d 846, 847 [2001], *lv denied* 97 NY2d 761 [2002]). "Because the initial statement was not the product of pre-*Miranda* custodial interrogation, the post-*Miranda* detailed confession given by defendant cannot be considered the fruit of the poisonous tree" (*People v Flecha*, 195 AD2d 1052, 1053 [1993]).

We reject the further contention of defendant that the court abused its discretion in denying her motion to sever count three from counts one and two of the indictment because different victims were involved. A motion to sever counts joinable under CPL 200.20 (2) (c) "is addressed to the sound discretion of the court" (*People v Daymon*, 239 AD2d 907, 908 [1997], *lv denied* 94 NY2d 821 [1999]). Here, the proof with regard to each victim

was "straightforward and easily segregated" (*id.*; *see People v Lovett*, 303 AD2d 952 [2003], *lv denied* 100 NY2d 584 [2003]; *People v McKnight*, 284 AD2d 941, 941-942 [2001], *lv denied* 96 NY2d 921 [2001]). In addition, "the possibility of prejudice was limited by the court's curative instruction" (*People v Mazzu*, 134 AD2d 890, 891 [1987], *lv denied* 70 NY2d 1008 [1988]; *see People v McKinnon*, 15 AD3d 842, 843 [2005], *lv denied* 4 NY3d 888 [2005]).

Finally, we reject the contention of defendant that she was denied effective assistance of counsel because counsel failed to introduce evidence of the deceased victim's preexisting medical problems and failed to move to sever count two as well as count three from the indictment. The deceased victim's preexisting medical problems were not related in any way to the injuries that led to the victim's death, and thus there was no basis for counsel to introduce evidence of them, and his failure to do so does not indicate ineffectiveness of counsel (*see People v Davis*, 15 AD3d 930, 932 [2005], *lv denied* 5 NY3d 761 [2005]). Any motion to sever counts two and three from the indictment would have had " 'little or no chance of success,' " and thus counsel's failure to make such a motion also does not indicate ineffectiveness of counsel (*People v Caban*, 5 NY3d 143, 152 [2005]; *see also People v McNerney*, 6 AD3d 1107 [2004], *lv denied* 3 NY3d 678 [2004]). We conclude that the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Hurlbutt, J.P., Scudder, Gorski and Green, JJ.