# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**131**
**KA 07-00936**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                MEMORANDUM AND ORDER

PAUL R. SULLI, DEFENDANT-APPELLANT.

---

PHILLIP R. HURWITZ, ROCHESTER, FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered March 28, 2007. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree and robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, following a jury trial, of robbery in the first degree (Penal Law § 160.15 [3]) and robbery in the second degree (§ 160.10 [3]), defendant contends that County Court erred in denying his request for a circumstantial evidence charge. We reject that contention inasmuch as the People presented direct evidence in the form of defendant's admissions of guilt (*see People v Casper*, 42 AD3d 887, 888, *lv denied* 9 NY3d 990). We reject defendant's further contention that the court erred in denying his request for a missing witness charge. The witness in question, i.e., the victim, indicated through her attorney that she would assert her Fifth Amendment privilege against self-incrimination if she were called to testify. We thus conclude that the witness would not have been expected to testify favorably to the party that did not call her, i.e., the People and that she was "unavailable" to the People because she had refused to testify on Fifth Amendment grounds (*see People v Gonzalez*, 68 NY2d 424, 427; *see generally People v Savinon*, 100 NY2d 192, 198). The court also properly denied defendant's request to charge petit larceny (§ 155.25) as a lesser included offense of both robbery in the first degree and robbery in the second degree. There was no reasonable view of the evidence to support a finding that defendant committed petit larceny, i.e., stole property, but that he did not forcibly steal a vehicle or that he did not forcibly steal a vehicle without using or threatening the use of a dangerous instrument (*see* § 160.10 [3]; § 160.15 [3]; *see generally People v Glover*, 57 NY2d 61, 63).

Defendant failed to preserve for our review his contention that the evidence is legally insufficient to establish that defendant used or threatened to use the vehicle in question as a dangerous instrument (*see People v Gray*, 86 NY2d 10, 19). We reject defendant's further contention that the evidence is legally insufficient to establish the element of forcible stealing. The evidence at trial established a valid line of reasoning and permissible inferences that could lead a rational person to conclude that defendant forcibly stole the vehicle (*see generally People v Bleakley*, 69 NY2d 490, 495). Viewing the evidence in light of the elements of the crime of robbery in the first degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict with respect to that count is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant contends that he was denied a fair trial based on prosecutorial misconduct when, during summation, the prosecutor misstated the evidence by indicating that the voice of the victim could be heard on the recording of one of the 911 calls. That contention is not preserved for our review because defendant failed to object to the allegedly improper comment during summation (*see People v Balls*, 69 NY2d 641). Defendant's further contention that the court erred in admitting in evidence the recording of the second 911 call as an excited utterance is also not preserved for our review (*see* CPL 470.05 [2]). We decline to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject defendant's contention that he was denied his right to confrontation based on the admission in evidence of the second 911 call inasmuch as the statements contained in that call were not testimonial in nature (*see People v Nunez*, 51 AD3d 1398, 1400, *lv denied* 11 NY3d 792).

The court's *Sandoval* ruling did not constitute an abuse of discretion (*see People v Nichols*, 302 AD2d 953, *lv denied* 99 NY2d 657). Finally, the sentence is not unduly harsh or severe.

Entered:  February 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court