# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

556

KA 10-00758

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

DARYL L. BURTON, DEFENDANT-APPELLANT.

---

JUSTIN S. WHITE, WILLIAMSVILLE, FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------

Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered January 25, 2010. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree (two counts), attempted assault in the second degree, assault in the second degree (three counts), criminal sexual act in the first degree (two counts), rape in the first degree and criminal sale of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of sexual abuse in the first degree (Penal Law § 130.65 [1]) and one count of attempted assault in the second degree (§§ 110.00, 120.05 [1]) arising from an incident involving one complainant, and three counts of assault in the second degree (§ 120.05 [2]), two counts of criminal sexual act in the first degree (§ 130.50 [1]), and one count each of rape in the first degree (§ 130.35 [1]), and criminal sale of a controlled substance in the third degree (§ 220.39 [2]) arising from separate incidents involving another complainant. Contrary to defendant's contention, County Court properly denied his motion seeking to sever the three counts of the indictment involving one complainant from the counts involving the other complainant. "The charges were properly joined pursuant to CPL 220.20 (2) (b) on the ground that the defendant's modus operandi with respect to each of the sexual assaults demonstrated a distinctive pattern" (*People v Hussain*, 35 AD3d 504, 505, *lv denied* 8 NY3d 946; *see People v Comfort*, 31 AD3d 1110, 1112, *lv denied* 7 NY3d 847). "In any event, [certain] offenses [involving each complainant] also were 'the same or similar in law' (CPL 200.20 [2] [c]), and defendant failed to show good cause for severance" (*People v Fontanez*, 278 AD2d 933, 935, *lv denied* 96 NY2d 862; *see People v Cornell*, 17 AD3d 1010, 1011, *lv denied* 5 NY3d 805; *People v Lovett*, 303 AD2d 952, *lv denied*

100 NY2d 584).

    We also reject defendant's contention that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147).  Contrary to defendant's further contention, the court was authorized to direct that the sentence imposed for attempted assault in the second degree run consecutively with the sentences imposed for sexual abuse in the first degree.  Although the attempted assault and sexual abuse " 'took place over a continuous course of activity, they constituted separate and distinct acts,' " and neither crime was a material element of the other (*People v Smith*, 269 AD2d 778, 778, *lv denied* 95 NY2d 804).  Finally, the sentence is not unduly harsh or severe.

Entered:  April 29, 2011				Patricia L. Morgan
							Clerk of the Court