# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

393

KA 10-01086

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

JACK LUKENS, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (COURTNEY E. PETITT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered February 4, 2010. The judgment convicted defendant, upon a jury verdict, of grand larceny in the fourth degree and petit larceny.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the conviction of grand larceny in the fourth degree (Penal Law § 155.30 [1]) to petit larceny (§ 155.25) and vacating the sentence imposed on count one of the indictment and as modified the judgment is affirmed, and the matter is remitted to Oswego County Court for sentencing on the conviction of petit larceny.

Memorandum: On appeal from a judgment convicting him of grand larceny in the fourth degree (Penal Law § 155.30 [1]) and petit larceny (§ 155.25), defendant contends that County Court's *Sandoval* ruling constitutes an abuse of discretion. We reject that contention. The court permitted the prosecutor to ask defendant whether he had been convicted of criminal possession of a controlled substance in the seventh degree and identity theft in the third degree. The court also permitted the prosecutor to ask defendant whether he had two prior felony convictions and 15 prior misdemeanor convictions without revealing the underlying nature of those offenses, all of which were larcenies or related to larceny. We conclude that the court's determination was not an abuse of discretion inasmuch as it "reflects sensitivity to the particular prejudice that may result when a jury is made aware of the fact that the defendant has previously committed crimes that are similar to the charged crime" (*People v Walker*, 83 NY2d 455, 459).

We also reject defendant's contention that the court erred in allowing the People to introduce evidence of his prior involvement as

an accomplice in an uncharged larceny.  The evidence of an uncharged larceny committed by defendant and his codefendent was properly admitted under the intent, common scheme or plan, and identity exceptions to the *Molineux* rule (*see generally People v Ingram*, 71 NY2d 474, 479-480; *People v Molineux*, 168 NY 264, 293-294; *People v Arguinzoni*, 48 AD3d 1239, 1240, *lv denied* 10 NY3d 859).

We reject the further contention of defendant that the court erred in denying his motion to sever the two counts of the indictment and to sever his trial from that of his codefendant.  "Defendant's motion was untimely, and defendant failed to show good cause for bringing his motion [eight] months after [his arraignment]" (*People v Wilburn*, 50 AD3d 1617, 1618, *lv denied* 11 NY3d 742; *see* CPL 255.20 [1], [3]).  In any event, defendant's contention is without merit.  The court did not err in denying defendant's motion to sever the counts of the indictment because "[d]efendant failed to establish that there was '[s]ubstantially more proof on one . . . [of the] joinable offenses than on [the] other[] and there [was] a substantial likelihood that the jury would be unable to consider separately the proof as it relate[d] to each offense' " (*People v Davis*, 19 AD3d 1007, 1007, quoting CPL 200.20 [3] [a]; *see People v Dozier*, 32 AD3d 1346, 1346-1347, *lv denied* 8 NY3d 880).  Additionally, the court did not abuse its discretion in denying defendant's motion to sever his trial from that of his codefendant.  "The evidence against defendant and his codefendant[] was essentially identical, and the respective defenses were not in irreconcilable conflict" (*People v Buccina*, 62 AD3d 1252, 1253, *lv denied* 12 NY3d 913).

We agree with defendant that his conviction of grand larceny in the fourth degree is not supported by legally sufficient evidence that the value of the stolen property exceeded $1,000 (*see People v Pallagi*, 91 AD3d 1266, 1269-1270).  At trial, the People presented a surveillance video showing a male pushing a shopping cart containing merchandise out of a Tractor Supply Company store, and that video provided legally sufficient evidence from which the jury could reasonably conclude that defendant was the male in the video (*see generally People v Bleakley*, 69 NY2d 490, 495).  The only items clearly visible in the cart, however, were two bags of dog food, and the People presented no evidence regarding the value of those items.  Although the People did present evidence that $1,899 in "pet containment" merchandise was missing from the store on the date in question, no pet containment items are visible in the surveillance video, and there is no other evidence connecting defendant to those missing items.  Thus, we cannot on this record conclude " 'that the jury ha[d] a reasonable basis for inferring, rather than speculating, that the value of the property exceeded the statutory threshold' of $1,000" (*People v Brink*, 78 AD3d 1483, 1484, *lv denied* 16 NY3d 742, *reconsideration denied* 16 NY3d 828).  Nevertheless, we conclude that the evidence is legally sufficient to establish that defendant committed the lesser included offense of petit larceny (*see Pallagi*, 91 AD3d at 1270; *see generally Brink*, 78 AD3d at 1484).  We therefore modify the judgment by reducing the conviction of grand larceny in the fourth degree to petit larceny (Penal Law § 155.25) and vacating the

sentence imposed on count one of the indictment (*see* CPL 470.15 [2] [a]), and we remit the matter to County Court for sentencing on the conviction of petit larceny (*see* CPL 470.20 [4]).

Defendant's contention that his conviction of petit larceny is based upon legally insufficient evidence is not preserved for our review because defendant did not move for a trial order of dismissal with respect to that count of the indictment (*see People v Gray*, 86 NY2d 10, 19).  In any event, that contention is without merit (*see generally Bleakley*, 69 NY2d at 495).  Furthermore, viewing the evidence in light of the elements of the crime of petit larceny as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict with respect to that crime is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Although defendant further contends that he was denied a fair trial based on prosecutorial misconduct during summation, that contention is not preserved for our review because defendant failed to object to the allegedly improper comments during summation (*see People v Balls*, 69 NY2d 641, 642; *People v Sulli*, 81 AD3d 1309, 1311, *lv denied* 17 NY3d 802).  We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant's contention that he was denied effective assistance of counsel because counsel failed to make a timely motion to sever the indictment is without merit.  "Any motion to sever . . . the indictment would have had ' "little or no chance of success," ' and thus counsel's failure to make such a [timely] motion . . . does not indicate ineffectiveness of counsel" (*Dozier*, 32 AD3d at 1347, quoting *People v Caban*, 5 NY3d 143, 152).  Moreover, we conclude that the evidence, the law and the circumstances of this case, viewed in totality and as of the time of representation, establish that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).  In light of our determination, we do not address defendant's remaining contention.

Entered:  June 7, 2013                          Frances E. Cafarell
                                                Clerk of the Court