*1498 Appeal from a judgment of the Supreme Court, Erie County (Russell R Buscaglia, A.J.), rendered June 4, 2014. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts) and robbery in the first degree (two counts).
It is hereby ordered that the judgment so appealed from is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count of robbery in the first degree (Penal Law § 160.15 [4]), arising from an incident that occurred on February 9, 2013, as well as two counts of murder in the second degree (§ 125.25 [1], [3]) and one count of robbery in the first degree (§ 160.15 [2]), arising from an incident that occurred on March 6, 2013. The 10-count indictment charged defendant with only the four counts of which he was convicted, but he proceeded to a joint trial with a codefendant who was charged in all 10 counts, which arose from six separate robberies. Before trial, the other individuals charged in the indictment successfully moved to sever their trials. Defense counsel, however, opted against moving for severance for “strategic” reasons, even after being made aware of potential Bruton issues (Bruton v United States, 391 US 123 [1968]). At trial, the codefendant’s statements implicating defendant in the two incidents for which he was charged were admitted in evidence, without objection. Defendant now contends that the admission of those statements was erroneous.
While we agree with defendant that the admission of those statements violated Bruton and that Supreme Court’s curative instruction did not alleviate the prejudice (see People v Cedeno, 27 NY3d 110, 117 [2016], cert denied 580 US —, 137 S Ct 205 [2016]), we consider defense counsel’s strategic decisions to proceed with a joint trial and to consent to the admission of the codefendant’s statements to constitute a waiver of any Bruton violation (see People v Reid, 71 AD3d 699, 700 [2010], lv denied 15 NY3d 756 [2010]; see also People v Serrano, 256 AD2d 175, 176 [1998], lv denied 93 NY2d 878 [1999]). Indeed, when the codefendant’s statements were offered in evidence, defense counsel specifically stated that he had “[n]o objection” to their admission in evidence.
Defendant further contends that the court erred in precluding defense counsel from cross-examining two witnesses concerning the relocation of one of the witnesses as the result of threats made to that witness by the codefendant’s family *1499 and the prosecution’s payment to that witness to assist with the relocation. On the penultimate day of testimony in this month-long trial, defense counsel moved for severance when the trial court precluded him from cross-examining two witnesses concerning alleged threats made to one of the two witnesses by members of the codefendant’s family. Those threats had prompted the witness to relocate, with financial assistance from the prosecution. Before trial, the People sought to introduce evidence of the threats and relocation during the direct examination of those witnesses. The codefendant’s attorney agreed to forgo any cross-examination concerning the financial assistance provided by the prosecution, and defense counsel informed the court that he took no position on the issue at that time. The court thereafter denied the People’s request. It is well established that the court has discretion to determine the scope of the cross-examination of a witness (see generally People v Corby, 6 NY3d 231, 234-235 [2005]) and, contrary to defendant’s contention, we conclude that the court did not abuse its discretion in limiting defendant’s cross-examination of those two witnesses (see People v Gong, 30 AD3d 336, 336 [2006], lv denied 7 NY3d 812 [2006]; cf. People v Gross, 71 AD3d 1526, 1527 [2010], lv denied 15 NY3d 774 [2010]).
Although defendant moved for severance based on the “single issue” of the court’s limitation on the cross-examination of those two witnesses, he now contends that the court should have granted his motion for severance because of the Bruton violation “coupled with mutually exclusive defenses.” “Because defendant on appeal raises a different ground for severance than that set forth in his [midtrial] motion for that relief, defendant failed to preserve for our review his present contention in support of severance” (People v Ott, 83 AD3d 1495, 1496 [2011], lv denied 17 NY3d 808 [2011]; see People v Osborne, 88 AD3d 1284, 1285 [2011], lv denied 19 NY3d 999 [2012], denied reconsideration 19 NY3d 1104 [2012]). We decline to exercise our power to review defendant’s contentions as a matter of discretion in the interest of justice {see CPL 470.15 [6] [a]). Moreover, insofar as defendant contends that severance was warranted based on the Bruton violation, we conclude that defendant affirmatively waived that contention (see People v Pugh, 236 AD2d 810, 811 [1997], lv denied 89 NY2d 1099 [1997]).
We reject defendant’s contention that he was denied effective assistance of counsel based on defense counsel’s strategy in declining to move for severance before trial and in consenting to the admission of the codefendant’s statements. It is well *1500 settled that “a reviewing court must avoid confusing ‘true ineffectiveness with mere losing tactics’ ” (People v Benevento, 91 NY2d 708, 712 [1998]). Indeed, it “is not for [the] court to second-guess whether a course chosen by defendant’s counsel was the best trial strategy, or even a good one, so long as defendant was afforded meaningful representation” (People v Satterfield, 66 NY2d 796, 799-800 [1985]). “To prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations” for defense counsel’s allegedly deficient conduct (People v Rivera, 71 NY2d 705, 709 [1988]). Here, defense counsel specifically stated on the record that he made a decision for strategic reasons, and we conclude that defendant has not established that counsel’s strategy “was inconsistent with the actions of a reasonably competent attorney” (People v Henderson, 27 NY3d 509, 514 [2016]). Defendant raises one additional ground as a basis for his claim of ineffective assistance of counsel, i.e., the failure to object to a misstatement made by a prosecution witness. Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Contrary to defendant’s further contention, the evidence is legally sufficient to support the conviction of robbery in the first degree under Penal Law § 160.15 (4) (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The surveillance photographs “provided legally sufficient evidence from which the jury could reasonably conclude that defendant was the male in the [photographs]” (People v Lukens, 107 AD3d 1406, 1408 [2013], lv denied 22 NY3d 957 [2013]). Viewing the evidence in light of the elements of that crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the verdict on that count is not against the weight of the evidence (see Bleakley, 69 NY2d at 495).
Finally, we are not persuaded that we should exercise our authority to modify the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]). As the dissent acknowledges, defendant committed heinous crimes, one of which resulted in an innocent man’s death. According to the presentence report (PSR), moreover, defendant failed to appreciate the consequences of his conduct or to exhibit any remorse. Indeed, the PSR recounts that the officer who arrested defendant for the murder and related robbery counts stated that defendant was smiling and laughing both during *1501 questioning and while being arrested. In view of the severity of the crimes and defendant’s callousness, we do not consider this to be an appropriate case in which to exercise our discretionary authority to reduce the sentence.
All concur except Lindley and NeMoyer, JJ., who dissent in part and vote to modify in accordance with the following memorandum.