People v King (2024 NY Slip Op 00571)

People v King

2024 NY Slip Op 00571

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, MONTOUR, OGDEN, AND DELCONTE, JJ.

1032 KA 22-00966

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHAMIK KING, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (THOMAS M. LEITH OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ELISABETH DANNAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered November 26, 2019. The judgment convicted defendant after a jury trial of rape in the first degree, criminal sexual act in the first degree, burglary in the first degree and assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of rape in the first degree (Penal Law § 130.35 [1]), criminal sexual act in the first degree (§ 130.50 [1]), burglary in the first degree (§ 140.30 [2]), and assault in the second degree (§ 120.05 [12]). According to the evidence at trial, which is generally undisputed on appeal, defendant unlawfully entered the apartment of the 74-year-old victim, raped her, and struck the victim repeatedly in her face with his fist. Surveillance videos from the victim's apartment complex show defendant on the victim's floor minutes before the attack took place and then leaving the building approximately 10 minutes later. Forensic evidence at trial linked sperm cells recovered from the victim during a vulvar swab to defendant's DNA profile, and linked blood recovered from the clothing that defendant was wearing when he was arrested to the victim's DNA profile.
On appeal, defendant contends that the evidence is legally insufficient and the verdict is against the weight of the evidence with respect to the count charging him with criminal sexual act in the first degree. According to defendant, the evidence is legally insufficient to establish that his penis came into contact with the victim's anus. We reject that contention. After the victim described on direct examination how defendant entered her "[v]aginally" with his penis, the prosecutor asked what happened next, to which the victim responded, "He flipped me and went to enter me rectally." When asked whether she felt defendant "trying to enter [her] anally," the victim testified, "I felt him try, yes." It is true, as defendant points out, that the victim did not specifically testify that it was defendant's penis that she felt come into contact with her anus, as opposed to some other part of his body, such as his fingers. Nevertheless, viewing the evidence in the light most favorable to the People, as we must when reviewing a contention regarding the legal sufficiency of trial evidence (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that there is a "valid line of reasoning and permissible inferences" from which a rational jury could have found that it was defendant's penis that came into contact with the victim's anus (People v Bleakley, 69 NY2d 490, 495 [1987]).
Further, viewing the evidence in light of the elements of criminal sexual act in the first degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect to that count is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Although a different verdict on that count would not have been unreasonable, it cannot be said that the jury "failed to give the evidence the weight it should be accorded" (id.; see generally People v Kalinowski, 118 AD3d 1434, 1436 [4th Dept 2014], lv [*2]denied 23 NY3d 1064 [2014]).
Defendant contends that he was denied a fair trial because the prosecutor engaged in misconduct during summation by, among other things, mischaracterizing evidence, improperly arousing sympathy for the victim, and improperly acting as an unsworn witness. By failing to object to any of the alleged instances of misconduct, however, defendant failed to preserve that contention for our review (see People v Watts, 218 AD3d 1171, 1174 [4th Dept 2023], lv denied 40 NY3d 1013 [2023]; People v Pendergraph, 150 AD3d 1703, 1703 [4th Dept 2017], lv denied 29 NY3d 1132 [2017]). In any event, we conclude that any "improper remarks by the prosecutor were not so pervasive or egregious as to deny defendant a fair trial" (People v Hanes, 218 AD3d 1175, 1178 [4th Dept 2023]; see People v Cardoza, 218 AD3d 1291, 1295 [4th Dept 2023], lv denied 40 NY3d 996 [2023]).
We reject defendant's contention that County Court erred by imposing consecutive sentences for the crimes of rape in the first degree and criminal sexual act in the first degree. We conclude that the consecutive sentences are lawful because defendant committed "separate and distinct acts," by placing his penis in the victim's vagina and then making contact between his penis and the victim's anus (People v Laureano, 87 NY2d 640, 643 [1996]; see People v Boyd, 175 AD3d 1030, 1031 [4th Dept 2019], lv denied 34 NY3d 1015 [2019]),
" 'notwithstanding that they occurred in the course of a continuous incident' " (People v Lucie, 49 AD3d 1253, 1255 [4th Dept 2008], lv denied 10 NY3d 936 [2008]). Although the rape and criminal sexual act "took place over a continuous course of activity, they constituted separate and distinct acts, and neither crime was a material element of the other" (People v Burton, 83 AD3d 1562, 1563 [4th Dept 2011], lv denied 17 NY3d 805 [2011] [internal quotation marks omitted]; see People v Curtis, 195 AD2d 968, 969 [4th Dept 1993], lv denied 82 NY2d 752 [1993]).
We reject defendant's contention that the sentence is unduly harsh and severe.
We have reviewed defendant's remaining contention and conclude that it does not warrant reversal or modification of the judgment.
Finally, we note that the uniform sentence and commitment sheet incorrectly recites that, under count 3 of the indictment, defendant was convicted of burglary in the first degree under Penal Law § 140.20 (2), and it must be amended to reflect that he was convicted under Penal Law § 140.30 (2) (see People v Morrow, 167 AD3d 1516, 1518 [4th Dept 2018], lv denied 33 NY3d 951 [2019]).
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court